NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SCHWAN'S SALES ENTERPRISES, INC., Respondent.

No. 81–1701.

United States Court of Appeals, Sixth Circuit.

Sept. 1, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Richard Rosenblatt, Washington, D. C., for petitioner.

Soren S. Jensen, George C. Rosmarin, Swarr, May, Smith & Andersen, Omaha, Neb., for respondent.

Before LIVELY, Circuit Judge, BROWN, Senior Circuit Judge, and SILER,* District Judge.

* The Honorable Eugene E. Siler, Judge, U.S. District Court for the Eastern and Western Districts of Kentucky, sitting by designation.

## ORDER

The National Labor Relations Board seeks enforcement of its order issued against Schwan's Sales Enterprises, Inc. reported at 257 NLRB No. 165 (1981). The respondent contends that the Board erred in finding that it violated Section 8(a)(1) of the National Labor Relations Act by interfering with an employee's wearing a union insignia and by giving the impression of surveillance and by interrogating an employee. Neither of the employees involved in the charges was discharged or otherwise disciplined by the respondent. However, an election which the union lost was set aside and a new election ordered by the Board.

The work force at the location where the Board found unfair labor practices to have occurred was quite small, with ten employees voting in the election. The incident involving union insignia consisted of a supervisor's ordering an employee to remove a cap bearing union insignia. The following day the supervisor revoked the order, and the employee was permitted to display the union insignia. Nevertheless, at least two other employees overheard the supervisor direct the employee to remove the cap with the union insignia and there was no publication of the revocation of the order and no attempt to let the other employees know that it had been revoked. The finding that the respondent had given the impression of surveillance and had attempted to interrogate an employee concerning his union attitudes involved a single conversation between the same supervisor and another employee either on the day of the election or the day immediately prior thereto. The respondent argues that there was no intent to intimidate or to advise the employee that there had been surveillance and that it was unreasonable for the administrative law judge and the Board to so find.

This is a case where the evidence is slight and where this court or another body reviewing it in the first instance might easily have reached a conclusion contrary to that of the administrative law judge and the Board. Nevertheless, we cannot say that the findings are not supported by substantial evidence. Accordingly, it is our duty to accept the findings and enforce the order.

The order of the Board is enforced.